**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARCO TORRES,**

**Plaintiff,**

**v.** **Case No. 8:08-cv-1008-T-27TBM**

**THE TAMPA POLICE DEPARTMENT,**

**Defendant.**
______________________________/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the *pro se* Plaintiff's Affidavit of Indigency (Doc. 2), which the court construes as a motion to proceed *in forma pauperis.* Upon review, his un-notorized affidavit[1] indicates that Plaintiff lacks the resources necessary to pay the filing fee for this action. However, because I find that the Complaint is frivolous or fails to state a claim, I recommend that the court dismiss this action.

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success,"

---

[1]The notorization does not appear authorized in accordance with Florida Statutes chapter 117.

*Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

Rule 8(a) of the Federal Rules of Civil Procedure states that a claim for relief must contain "(1) a short plain statement of the grounds upon which the court's jurisdiction depends; (2) a short plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The Supreme Court recognized in *Estelle v. Gamble*, 429 U.S. 97 (1976), that a *pro se* complaint must be held to less stringent standards than complaints drafted by lawyers. Such complaints, "however inartfully pleaded," may only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim would entitle him to relief." *Id.* at 106.

Plaintiff initiated this action by filing a Complaint (Doc. 1) brought pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Sixth, Fourteenth, and Fifteenth Amendments to the United States Constitution. Plaintiff alleges that sometime in 1992, he was arrested by unnamed Tampa Police officers wearing ski masks and clothing that read, "F.B.I." Plaintiff claims that he was not advised of his *Miranda* rights at the time of his arrest in violation of his due process rights.[2] *Id.* at 4. According to Plaintiff, as a result of the charges associated with the arrest, he served fourteen years in prison for first degree murder. *Id.* He also seeks an order enjoining the Tampa Police Department from "certain specified

---

[2]Plaintiff indicates that he intends to amend the Complaint to include the names of officers when such information becomes known to him. *Id.* at 3.

unconstitutional conduct," an apology, and compensatory damages. Aside from his general assertions of a *Miranda* violation, the Complaint lacks any factual allegations to support his § 1983 claim and is thus facially deficient.[3]

Even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's action fails to state a cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). For these reasons, I recommend that the court

(1) DISMISS the Complaint (Doc. 1) and DENY without prejudice Plaintiff's application to proceed *in forma pauperis* (Doc. 2);

(2) DENY as moot Plaintiff's motion for a hearing (Doc. 3), motion to be present at the hearing (Doc. 4), and motion for service of process by the United States Marshals Service (Doc. 11);

(3) DENY Plaintiff's motion to proceed *pro se* (Doc. 12), which is without merit;

(4) Direct Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

Respectfully submitted on this
25th day of July 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

[3]Even with respect to Plaintiff's allegations of a *Miranda* violation, the Supreme Court has held that the failure to read *Miranda* warnings by an arresting officer is not a constitutional violation and cannot be grounds for a § 1983 action. *Chavez v. Martinez*, 538 U.S. 760, 772-73 (2003).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
The Honorable James D. Whittemore, United States District Judge
Pro se Plaintiff